IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FERRARI FINANCIAL SERVICES, INC., | § § § | |
| Plaintiff, | § § | Civil No. 3:23-CV-01572-K |
| v. | § § | |
| DANNY S. YOO and DSY LLC, | § § | |
| Defendants. | § § | |

## DEFAULT JUDGMENT AND ORDER

Before the Court is Plaintiff Ferrari Financial Services, Inc.'s ("FFS") Motion for Entry of Default Judgment (the "Motion for Default Judgment"). Doc. No. 26. Upon consideration of the same, the Court **GRANTS** the Motion for Default Judgment in part and **DENIES** it in part without prejudice. The Court grants FFS default judgment because FFS has shown that default judgment is procedurally and substantively proper. Based on the record before the Court, it appears that Defendants Danny S. Yoo and DSY LLC ("DSY") are debtors under auto installment sale contracts assigned to FFS and breached the contracts by failing to make required payments. FFS is entitled to sums owed and unpaid under the contracts. Having granted FFS default judgment, the Court denies FFS's concurrent request for attorneys' fees and expenses without prejudice. FFS has not shown that its requested award of fees and expenses is reasonable. It may file a supplemental motion for fees and expenses that is responsive to the Court's concerns.

I.  **BACKGROUND**

Unless otherwise noted, the Court draws the following facts from FFS's verified amended complaint and its evidentiary submissions in support of its Motion for Default Judgment.  Doc. Nos. 13, 26-2.

FFS filed this suit on July 13, 2023 and amended its complaint on July 28, 2023.  Doc. Nos. 1, 13.  In its live complaint, FFS alleges that Mr. Yoo and DSY breached two installment sale contracts for Ferrari vehicles.  Doc. No. 13 ¶¶ 6–34.

The first contract, signed on April 28, 2021, called for a down payment of $50,000, fifty-nine monthly payments of $5,773.08 starting on May 28, 2021, and a balloon payment of $480,668.72 on April 28, 2026.  Doc. No. 13-1 at 2.  The principal after the down payment was $676,219.68, and the annual percentage rate of interest was 4.99%, with interest growing according to the true daily earnings method.  *Id.* at 2, 5.  The first contract contained an acceleration provision, and Mr. Yoo and DSY waived notice of acceleration.  *Id.* at 5.

The second contract, signed on March 2, 2022, calls for a down payment of $22,081.70, fifty-nine monthly payments of $2,345.00 starting on April 1, 2022, and a balloon payment of $137,070.45 on March 1, 2027.  *Id.* at 11.  The principal after the down payment was $229,324.63, and the annual percentage rate of interest was 4.99%, with interest growing according to the true daily earnings method.  *Id.* at 11, 13.  Like the first contract, the second contract contained an acceleration provision, and Mr. Yoo and DSY again waived notice of acceleration.  *Id.* at 13.

Both contracts listed DSY as the "Buyer," Mr. Yoo as the "Co-Buyer," and Ferrari of San Antonio as the "Seller/Creditor." *Id.* at 2, 11. Ferrari of San Antonio assigned each contract to FFS upon execution. *Id.* at 6, 15.

Mr. Yoo and DSY eventually stopped making payments under both contracts. The last invoice they paid under the first contract was the invoice for December 28, 2022, and the last invoice they paid under the second contract was the invoice for February 1, 2023. Doc. No. 13 ¶ 15, 29. The leased cars remain at Mr. Yoo's residence in Dallas. *Id.* ¶¶ 20, 34.

FFS served DSY and Mr. Yoo with summons and its amended complaint on August 14, 2023 and September 22, 2023, respectively. Doc. Nos. 6, 19. Neither Defendant has appeared. The Clerk entered default against DSY on September 29, 2023 and against Mr. Yoo on October 30, 2023. Doc. Nos. 20, 22. FFS now moves for default judgment against DSY and Mr. Yoo and requests (1) $850,659.77 in damages, (2) $70,998.83 in attorneys' fees and expenses, and (3) postjudgment interest. Doc. No. 26-1 at 12.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes the Court to enter default judgment against a defendant who fails to appear. This relief is disfavored. *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018). To obtain it, the plaintiff must obtain entry of the defendant's default from the Clerk and move for default judgment. *See Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam). The

3

Court then considers whether default judgment is an appropriate exercise of its discretion. Relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the [C]ourt would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

If default judgment is procedurally appropriate, the Court asks whether the plaintiff has supported its default judgment request with well-pleaded allegations. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). In answering that question, the Court takes guidance from the "the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Id.* Under Rule 8, the "factual allegations in [a] complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.   DISCUSSION

The Court finds that default judgment is procedurally warranted and supported by well-pleaded allegations. The Court will therefore enter default judgment against Mr. Yoo and DSY. Although FFS also requests an award of attorneys' fees and expenses, the Court will not make an award at this time because the record does not support it. FFS may renew its request with additional argument and evidence.

## A. Default Judgment

### 1. Procedural Considerations

The Court begins with the procedural considerations that support FFS's Motion for Default Judgment. FFS served Mr. Yoo and DSY with summons and its amended complaint over six months ago, and neither Defendant has appeared. Doc. Nos. 6, 19. FFS then properly obtained the Clerk's entry of default against each Defendant and filed a motion for default judgment. Doc. Nos. 20, 22, 26.

Discretionary factors also favor default judgment. *See Lindsey*, 161 F.3d at 893. The material facts in this nonpayment dispute are simple and undisputed. *See Butters-Fetting Co. v. O'Connor*, 2022 WL 3904693, at *2 (N.D. Tex. June 6, 2022) (Means, J.) ("There are no material facts in dispute here as neither [Defendant has] contested Plaintiff's allegations in its pleadings."). Mr. Yoo's and DSY's defaults are also clear. Mr. Yoo and DSY have not appeared for months after FFS served them. *See BITX Transp. Servs., LLC v. Forward Transp. Servs., LLC*, 2021 WL 4990805, at *2 (N.D. Tex. Oct. 27, 2021) (Boyle, J.). There is no indication that this is the result of a good faith mistake or excusable neglect. A default judgment under the circumstances will be no harsher and will cause Mr. Yoo and DSY no more prejudice than a typical default judgment against a party that breaches a contract and fails to appear in the resulting action for breach. *Vill. Bank & Tr., N.A. v. Clean Smiles Dental, PLLC*, 2021 WL 4268283, at *3 (N.D. Tex. Aug. 30, 2021) (Ramirez, M.J.), *rep. & rec. adopted*, 2021 WL 4267509 (N.D. Tex. Sept. 17, 2021) (Scholer, J.); *Bank of Am., NA v. Vandenburg*, 2020 WL

1640344, at *3 (N.D. Tex. Apr. 2, 2020) (Starr, J.). Having considered the record before it, the Court would not feel obliged to set aside Mr. Yoo's or DSY's defaults if either moved for that relief. There is no reason to think either has a meritorious defense to present or other good cause for failing to appear and defend FFS's claims. *See Bieler v. HP Debt Exch., LLC*, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (Lynn, J.).

The Court concludes that entering default judgment would be an appropriate exercise of its discretion and turns to the adequacy of FFS's pleading.

### 2. Pleading Sufficiency

The Court finds that FFS's pleading is sufficient to support a default judgment against Mr. Yoo and DSY. Taken as true, FFS's allegations show that Mr. Yoo and DSY breached two auto installment sale contracts by failing to make required payments. Doc. No. 13 ¶¶ 35–47.

Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract, (2) the plaintiff's performance or tender of performance under the contract, (3) the defendant's breach of the contract, and (4) the existence of damages suffered by the plaintiff because of the breach. *Guzman v. Ugly Duckling Car Sales of Tex., L.L.P.*, 63 S.W.3d 522, 528 (Tex. App.—San Antonio 2001, pet. denied); *Solis v. JPMorgan Chase Bank*, 2021 WL 5155714, at *2 (S.D. Tex. Sept. 16, 2021).

FFS has alleged facts adequate to establish each of these elements. FFS alleges that Mr. Yoo and DSY entered two valid auto installment sale contracts with Ferrari of San Antonio, which Ferrari of San Antonio assigned to FFS. Doc. No. 13 ¶¶ 7–8,

22–23.  Corroborating this are signed copies of both contracts that FFS has put into the record.  Doc. No. 13-1 at 2–6, 11–15; *see Branch Banking & Tr. Co. v. Re Rez L.P.*, 2021 WL 863766, at *7 (E.D. Tex. Jan. 8, 2021), *rep. & rec. adopted*, 2021 WL 857937 (E.D. Tex. Mar. 5, 2021).  FFS also alleges that it performed under the contracts and that the vehicles acquired by Mr. Yoo and DSY remain at Mr. Yoo's Dallas residence.  Doc. No. 13 ¶¶ 18, 20, 32, 34.  According to FFS, Mr. Yoo and DSY nonetheless breached the contracts by failing to make monthly installment payments.  *Id.* ¶¶ 14–15, 29; *see Cadence Bank v. Lavezzari & Assocs., Inc.*, 2024 WL 2412741, at *4 (S.D. Tex. May 22, 2024).  Payments on the first contract covered only amounts due through December 28, 2022, and payments on the second contract covered only amounts due through February 1, 2023.  Doc. No. 13 ¶¶ 15, 29.  Both contracts called for years of additional payments.  Doc. No. 13-1 at 2, 11.  Because of Mr. Yoo and DSY's nonpayment, FFS suffered damages in the form of money it should have but failed to receive under the contracts.  *Id.* ¶ 47; *see Compass Bank v. Adams*, 2012 WL 12937472, at *2 (S.D. Tex. Oct. 5, 2012).

The Court can determine the appropriate measure of damages and enter judgment in that amount.  Although "unliquidated damages normally are not awarded without an evidentiary hearing, that rule is subject to an exception 'where the amount claimed is a liquidated sum or one capable of mathematical calculation.'"  *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).  FFS's damages here follow from a formulaic

application of the installment contracts' terms after accounting for Mr. Yoo and DSY's partial payments. *See BMO Harris Bank, N.A. v. Balmor Transp., Inc.*, 2020 WL 4490431, at *3–4 (N.D. Tex. July 1, 2020) (Rutherford, M.J.), *rep. & rec. adopted*, 2020 WL 4464662 (N.D. Tex. Aug. 3, 2020) (Scholer, J.); *Compass Bank*, 2012 WL 12937472, at *2. FFS's claimed damages of $850,659.77 are not greater than the figure so calculated and are appropriate relief. Doc. No. 26-1 at 12.

At FFS's request, the Court adds postjudgment interest to this relief. Federal law provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *BITX Transp.*, 2021 WL 4990805, at *8; *Truist Bank v. Cuzzcast Gourmet Gelato, LLC*, 2022 WL 19699, at *4 (N.D. Tex. Jan. 3, 2022) (Starr, J.). The Court's judgment will provide for interest at the statutory rate. 28 U.S.C. § 1961(a).

## B. Attorneys' Fees and Expenses

Before concluding, the Court considers FFS's request to recover attorneys' fees and expenses and denies it without prejudice. FFS asks for an award of $70,998.83 in fees and expenses under Texas Civil Practice and Remedies Code Section 38.001(b)(8). Doc. No. 26-1 at 10–12. Under Section 38.001(b)(8), a "person may recover reasonable attorney's fees from an individual or organization . . . if the claim is for . . . an oral or written contract." The Court is not convinced that FFS's requested award is reasonable on the current record.

8

The $70,998.83 of incurred fees and expenses and the 182.30 hours of work to which that cost corresponds are strikingly high figures for a relatively simple consumer contract case ending with a default judgment. Doc. No. 26-2 at 122. FFS's documentation for these figures is also lacking. It has filed billing records so heavily redacted that many entries contain unilluminating statements like, "Work on [REDACTED]," "Review [REDACTED]," and "Address [REDACTED]." *Id.* at 110–22. The Court will not approve a fees award without more detailed descriptions of the work that generated the requested fees. *See Flying R Aviation, LLC v. Bondio, LLC*, 2023 WL 4826217, at *6 (N.D. Tex. July 26, 2023) (Boyle, J.); *Cuzzcast Gourmet Gelato*, 2022 WL 19699, at *4 (N.D. Tex. Jan. 3, 2022) (Starr, J.).

Since FFS expresses willingness to submit unredacted billing records for *in camera* review, the Court will give FFS an opportunity to present a motion for attorneys' fees and expenses supported by the unredacted records. Doc. No. 26-1 at 9 n.1. The Court will retain jurisdiction to consider this motion. *See GFRS Equip. Leasing Fund II LLC v. Nguyen*, 2021 WL 9969507, at *2 (N.D. Tex. May 26, 2021) (Starr, J.).

## IV.    CONCLUSION

The Court **GRANTS** FFS's Motion for Default Judgment in part and **DENIES** it in part without prejudice. The Court grants FFS default judgment, which will issue separately in the amount of $850,659.77 plus postjudgment interest at the statutory rate. The Court denies FFS's request for an award of attorneys' fees and expenses without prejudice. FFS **MAY FILE** a motion for fees and expenses within fourteen

9

days of the entry of this order. If FFS files a motion, FFS shall submit supporting billing records without redactions for review *in camera* and shall provide all arguments and authorities on which it relies. The Court **RETAINS JURISDICTION** to consider FFS's motion for fees and expenses should it choose to file one.

    **SO ORDERED.**

    Signed July 31st, 2024.

                                            */s/ Ed Kinkeade*
                                          ED KINKEADE
                                          UNITED STATES DISTRICT JUDGE