IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FERRARI FINANCIAL SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:23-CV-1572-K |
| DANNY S. YOO and DSY LLC, | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Ferrari Financial Services, Inc.'s ("FFS") motions for leave to file under seal, (Dkt. No. 30 ("Mot. for Leave")), and attorney's fees, (Dkt. No. 33 ("Mot. for Fees")). United States District Judge Ed Kinkeade referred the motions to the undersigned magistrate judge for recommendation or determination. (*See* Dkt. No. 36.) After careful consideration, the undersigned recommends that the District Judge **GRANT** FFS's motion for leave and **GRANT IN PART** FFS's motion for attorney's fees.

## I. BACKGROUND

The underlying facts of this case have been detailed in the Court's Default Judgment and Order. (Dkt. No. 28 ("Order").) The undersigned limits the discussion of the background facts and procedural history to facts necessary for the instant motions' resolution.

1

FFS filed this suit on July 13, 2023, against Danny Yoo and DSY LLC (collectively "Defendants"), alleging breach of two installment sale contracts for Ferrari vehicles. (*See* Dkt. No. 13 ("Am. Compl.").) Despite receiving service, neither defendant appeared or responded to the summons. On July 31, 2024, the Court granted FFS's motion for default judgment against Defendants but denied FFS's request for attorney's fees and expenses without prejudice. (*See* Order). The Court entered judgment for FFS for $850,659.77 plus post-judgment interest and costs. (Dkt. No. 29.)

The Court allowed FFS to present a new motion for attorney's fees and expenses and attach all "supporting billing records without redactions for review *in camera* and [] provide all arguments and authorities on which it relies." (Dkt. No. 28 at 9-10.) FFS timely filed the instant motion to file the unredacted billing documents under seal. (Mot. for Leave.) FFS filed a public brief in support of the motion for leave to file under seal, (Dkt. No. 31 ("Public Br.")), and a sealed brief in support of the motion, (Dkt. No. 32 ("Sealed Br.")). The Sealed Brief contains the unredacted attorney invoices from Snell & Wilmer law firm, FFS's counsel. (*See* Dkt. No. 32-1 ("Att'y Invoices").) FFS also timely filed its motion for attorney's fees (Mot. for Fees) and attached supporting documents such as a declaration by attorney Adam J. Greenup, (Dkt. No. 33-1 ("Greenup Dec.").)

FFS's counsel seeks the following fees and costs: $65,759.00 in attorney's fees, $1,886.00 in paralegal's fees, and $3,353.83 in court costs and expenses.

## II. MOTION FOR LEAVE TO FILE UNDER SEAL

The undersigned recommends granting FFS's motion to file under seal. Northern District Local Rule 79.3(b) states that, "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. Courts "heavily disfavor sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, a court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citations omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521. "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

FFS seeks leave to file an unredacted version of attorney billing invoices that it alleges supports its request for fees and costs. (Public Br. at. 2.) FFS alleges filing under seal is necessary "to preserve the confidentiality and privileged nature of its attorneys' fees invoices." (*Id.*)

Balancing the competing interests, the undersigned finds that the interests support nondisclosure. Notably, this is the only document FFS has sought to seal in this case; all other documents—including the Court's analysis regarding the default

judgment and award—are available to the public. Additionally, FFS sought leave to file under seal only after the Court determined the redacted document was insufficient to prove the requested attorney fees. Therefore, sealing the unredacted attorney billing records is warranted.

### III.  MOTION FOR ATTORNEY'S FEES

In a diversity case, state law controls whether attorney's fees are recoverable and reasonable. *See, e.g., Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law permits an award for attorney's fees only if authorized by statute or contract. *See, e.g.*, *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006).

**A.  FFS establishes its entitlement to attorney's fees under Texas law.**

Texas Civil Practice & Remedies Code § 38.001(8) provides that a party "may recover reasonable attorney's fees from an individual or organization . . . , in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 if there is proof that the fees are reasonable. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (citing *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied); *Atl. Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 449 (Tex. App.—Texarkana 1993, writ denied)). "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which

4

attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995)).  In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38[.]" *Intercontinental Group*, 295 S.W.3d at 653; *Mohican Oil & Gas, LLC v. Scorpion Explor. & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App.—Corpus Christi 2011, pet. denied).  "[T]he terms of the contract, not statute, control the outcome of [the] [case]." *Mohican Oil & Gas*, 337 S.W.3d at 321.  Here, by signing the installment sales contracts, Defendants agreed to be responsible for reasonable attorney's fees FFS spent in an attempt to enforce the contract and for expenses incurred in connection with retaking, holding, and selling the vehicle.  (*See* Dkt. No. 26-2 at Exhs. A, C ¶ 3(g).)

  A party wishing to recover damages under § 38.001(8)—as FFS is here—must not only prevail on the breach of contract case but must also comply with the procedural requirements of § 38.002.  Section 38.002 requires that a claimant who is represented by an attorney "must present the claim to the opposing party" and "payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented." Tex. Civ. Prac. & Rem. Code § 38.002.  "The purpose of the presentment requirement is to allow the person against whom a claim is asserted an opportunity to pay within thirty days of receiving notice of the claim, without incurring an obligation for attorney's fees." *Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty.,*

5

*Inc.,* 393 S.W.3d 492, 515 (Tex. App.—Dallas 2013, pet. denied) (citing *Carr v. Austin Forty,* 744 S.W.2d 267, 271 (Tex.App.—Austin 1987, writ denied)). "In order to recover attorney's fees in a suit founded on a written contract under section 38.002, a plaintiff must plead and prove that presentment of a contract claim was made to the opposing party and he failed to tender performance." *Id.* at 516. The burden of proof is on the attorney's fees claimant to plead and prove presentment and failure to tender performance. *Panizo v. Young Men's Christian Ass'n of Greater Houston Area,* 938 S.W.2d 163, 168 (Tex. App.—Houston [1st Dist.] 1996, no writ) (citing *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1983)).

    Section 38.002 does not specify that a particular form of presentment is required, so Texas courts construe the term liberally to promote the underlying purpose of the statute. *Sacks v. Hall*, 481 S.W.3d 238, 250-51 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Under this liberal construction, courts have held that an oral request of performance and nonpayment of a bill or invoice for thirty days are sufficient to satisfy presentment. *Id.* at 251 (collecting cases). However, importantly, "[n]either the filing of a suit nor the allegation of a demand in the pleadings can, alone, constitute a presentment of a claim or a demand that the claim be paid." *Id.* (citing *Helping Hands Home Care, Inc.,* 393 S.W.3d at 516).

    FFS alleges it is entitled to attorney's fees and costs because it prevailed on a claim based on a written contract. (Mot. for Fees ¶ 11.) As it did obtain a default judgment against Defendants based on a breach of contract claim, FFS is eligible to recover attorney's fees. The undersigned further finds that FFS properly presented

the claim to Defendants in accordance with the procedural requirements of § 38.002. On June 22, 2023, FFS sent Defendants a demand letter to inform them that the two vehicle contracts "[were] in arrears[]" and requesting payment. (Am. Compl. at ECF p. 50-51, 63-64, 72-73.) The demand letter further instructed that FFS would proceed with litigation unless payment was made. (*Id.*) Therefore, FFS is entitled to recover attorney's fees and court costs.

**B.    The Court should award fees to FFS.**

The Fifth Circuit calculates an appropriate attorney's fee using the lodestar method. *Williams v. Sake Hibachi Sushi & Bar Inc.*, 574 F. Supp. 3d 395, 409 (N.D. Tex. 2021). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The court should exclude all time that is excessive, duplicative, or inadequately documented. *Bobby Goldstein Productions, Inc. v. Habeeb*, No. 3:21-CV-01924-G, 2023 WL 8790284, at *3 (N.D. Tex. Nov. 27, 2023) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)), *adopted*, 2023 WL 8791178 (N.D. Tex. Dec. 19, 2023). When a court calculates the reasonable lodestar, the court can make "line-by-line cuts or simple across-the-board reductions." *Meadows v. Latshaw Drilling Co., LLC*, No. 3:15-CV-1173-N, 2020 WL 291582, at *2 (N.D. Tex. Jan. 21,

2020). The fee applicant bears the burden of substantiating both the requested hours and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

"[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson* [*v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)].'" *Black*, 732 F.3d at 502 (quoting *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)). These factors include:

(1) the time and labor required to litigate the case,

(2) the novelty and difficulty of the questions involved,

(3) the skill required to litigate the case,

(4) whether taking the case precluded the attorney from other employment,

(5) the customary fee for similar work in the community,

(6) the fee or percentage of recovery the attorney quoted to the client,

(7) whether the client or case required expedited legal work,

(8) the amount involved and results obtained,

(9) the experience, reputation, and ability of the attorneys,

(10) the "undesirability" of the case,

(11) the nature and length of the attorney-client relationship, and

(12) awards made in similar cases.

*Johnson*, 488 F.2d at 717-19. The lodestar necessarily "subsumes" some *Johnson* factors. *See Hensley*, 461 U.S. at 434 n.9. The Court may not consider the

"subsumed" factors when considering whether to enhance or reduce the lodestar under the *Johnson* factors. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

FFS seeks $70,998.83 in attorney's fees and costs.[1] (*See* Att'y Invoices at 15-16; Greenup Dec.) FFS submitted evidence showing that five attorneys and four paralegals spent 177.3 hours working on this case.[2] (*Id.*) The attorneys' hourly rates range from $300 to $485. (Greenup Dec. ¶ 12.) The paralegals' hourly rates range from $120 to $190. (*Id.*) FFS purports to have applied discounts to the total fees for services rendered, (*id.* ¶ 12.), but it provides no details on how much was actually discounted. Based on the amount requested and the face of the billing records, it appears that FFS is requesting the entirety of its fees. (Mot. for Fees at 3.)

1. **FFS supports counsel's hourly rates but does not fully support rates for paralegals.**

"The hourly rates to be used in the lodestar calculation are determined by 'the prevailing market rates in the relevant community.'" *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *15 (N.D. Tex. Dec. 20, 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). As the fee applicant,

---

[1] The $70,998.83 request is comprised of $65,759.00 in attorney's fees, $1,886.00 in paralegal fees, $402 in court costs, and $2,951.83 in miscellaneous other costs. (*See* Att'y Invoices at 15-16.)

[2] The undersigned notes a discrepancy between the total hours alleged in the Motion for Fees, (Dkt. No. 33), and the hours reported on the Attorney Invoices. In the Motion for Attorney's Fees, FFS alleges "the total number of hours expended for these services was 137.4[.]" (Mot. for Fees at ECF p. 402.) FFS explains that this number is the total hours in the invoice minus those billed by James Snow, "which were inadvertently included in the invoiced amount." (*Id.*) However, based on the invoices, the total amount of hours worked corresponding with the requested amount of $70,998.83 is 177.3 hours, not 137.4. Therefore, the undersigned continues the analysis using the 177.3 hours total.

plaintiff "bears the burden of demonstrating 'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum*, 465 U.S. at 895 n.11). "[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

FFS requests a total of $67,645.00 for attorney and paralegal fees. Of that total, $65,759.00 is for work performed by attorneys. (Att'y Invoices at 12-13.) FFS maintains that the attorney rates are reasonable and consistent with those charged for comparable work in the Dallas area. (Greenup Dec. ¶ 12.) The undersigned finds that FFS's attorney's rates, considering the experience and skill of the attorneys who worked on the case, fall within the ranges prevailing in the community. *See Thermotek, Inc. v. Orthoflex, Inc.*, No. 3:10-CV-2618-D, 2016 WL 6330429, at *7-8 (N.D. Tex. Oct. 27, 2016) (approving attorney rates up to $650 an hour).

FFS similarly maintains that the paralegal hourly rates are reasonable and requests $1,886.00 for paralegal services provided in this case. However, the undersigned finds that the paralegal rates were not reasonable and accordingly reduces them. Greenup's declaration states that "the applicable hourly rates charged by Snell & Wilmer in this case ranged from $120 to $190 for paralegals[.]" (Greenup Dec. ¶ 12.) However, the Attorney Invoices submitted do not match Greenup's statement. Only two of the four paralegals who assisted in this case have a rate in Greenup's described range. (*See* Att'y Invoices at 12-13.) The other two paralegals, Dana Jones and Jessica Comeau-Mayer, bill at a significantly higher rate. Jones's

rate ranged from $295 an hour to $310, and Comeau-Mayer's was $280. FFS does not provide any support for the reasonableness of those rates, nor does it explain the discrepancy. The Court reduces both Jones's and Comeau-Mayer's rates to $190.

This reduction currently brings the lodestar amount to $67,031.50

### 2. FFS has not demonstrated that counsel exercised billing judgment and fully proved the reasonableness of the time worked.

The undersigned next considers whether the number of hours billed was reasonable. "The Court must determine the appropriate compensable hours based on the attorneys' time records, and compensate only for those hours reasonably spent in relation to prevailing claims." *Coach Inc. v. Couture*, No. SA-10-CV-601-XR, 2012 WL 3249470, at *2 (W.D. Tex. Aug. 7, 2012). The moving party must exercise appropriate billing judgment, which is the "usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Housing & Urban Devlp.*, 99 F.3d 761, 769 (5th Cir. 1996). Plaintiff has the burden of showing the reasonableness of the hours billed and must prove that it exercised billing judgment. *Id.* at 770.

Here, the undersigned finds that the lodestar should be reduced to account for unexercised billing judgment. A party seeking fees must show that it exercised billing judgment, but "bald assertions regarding the exercise of billing judgment are insufficient." *Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *3 (N.D. Tex. Feb. 11, 2011). FFS's counsel billed a total of 177.3 hours. The undersigned finds that FFS's counsel did not exercise billing

11

judgment. As just one example, billing records show that counsel spent nearly half an hour that was described as analyzing the Clerk's default entry, two documents totaling seven lines each. (*See* Att'y Invoices at 9.) If there was more "analysis" involved than merely reading the two pages, it is not explained in the billing records.

Further reduction of the lodestar amount is appropriate based on vague time entries and work descriptions. "The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *Barrow*, 2005 WL 6789456, at *11 (cleaned up). "Vague entries are those that are not illuminating as to the subject matter or vague as to precisely what was done." *Id.* (cleaned up). Here, many of Snell & Wilmer's entries are vague. For example, there are multiple entries for "additional work," "additional communications," and "further work" that provide no detail or explanation as to what that time was used for and do not allow the undersigned to meaningfully assess the reasonableness of the time spent.

The undersigned applies a 20 percent reduction to the requested fees to account for billing judgment and vague time entries. That reduction brings the working total to $53,625.20.

### 3. The *Johnson* factors justify adjustment of the amount requested.

The undersigned finds that an additional downward adjustment of 25 percent is appropriate after considering the *Johnson* factors. Specifically, this adjustment is justified in light of (1) the time and labor required to litigate the case, (2) the novelty and difficulty of questions involved, (3) the skill required to litigate the case,

12

(4) whether taking the case precluded the attorney from other employment, and

(8) the amount involved and results obtained.

This case involved a straightforward breach of contract dispute: Defendants agreed to make monthly car payments and then failed to make them.  The novelty and difficulty of questions are low.  Defendants never answered or appeared in this suit, and FFS's efforts—such as its motion for default judgment—have been unopposed.  FFS's counsel spent 177.3 hours working on the case over seven months; this work divided between five attorneys and four paralegals does not establish that counsel was precluded from other engagements. *See Meadows*, 2020 WL 291582, at *2 (finding that 2,080.2 hours over four years and divided between seven attorneys, three paralegals, and two legal assistants did not demonstrate preclusion from other employment).  The undersigned notes that the value of the judgment—more than $850,000—helps establish the reasonableness of a substantial award of attorneys fees, it again considers that both liability and damages were unconstested.

Applying a 25 percent reduction to the loadstar results in a total attorney's fee award of $40,218.90.

### 4. FFS should receive $3,353.83 in costs.

FFS moves for an award of $3,353.83 in court costs and litigation expenses. (Att'y Invoices at 16.)  FFS's counsel provided invoices reflecting $3,353.83 incurred for, among other things, the filing fee, process servers, postage, and electronic legal research.  (*See id.* at 13-16.)  Because Defendants contractually

agreed to pay for costs incurred in enforcing the contract and retaking the vehicles, the FFS should receive $3,353.83 in costs.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **GRANT** FFS's Motion for Leave to File Under Seal, (Dkt. No. 30), and **GRANT in part** FFS's motion for fees and costs, (Dkt No. 33) and awards FFS **$43,572.73** in attorney's fees and costs (comprised of $40,218.90 in attorney's fees and $3,353.80 in court costs and expenses).

**SO RECOMMENDED** on February 19, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).